Francis P. Montague, Trustee for Edward J. Montague,

*vs.*

Margaret Punte and James J. Donovan, Jr., both as individuals and as Executors of the Last Will and Testament of Margaret E. Montague.

*New Castle, July 23, 1948.*

*Joseph A. L. Errigo,* for plaintiff.

*W. Thomas Knowles,* of Knowles & Allmond, for defendants.

Seitz, Vice-Chancellor: I must determine whether a certain devise of realty was made outright or in trust.

Margaret E. Montague died leaving a will which insofar as pertinent provides:

"Seventh: I give, devise and bequeath unto my husband, E. J. Montague, the property owned by me known as No. 1513 North Rodney Street, Wilmington, Delaware, said property being of record in my maiden name of Margaret E. Welch. I express the desire that my said husband shall use the said property during his lifetime and if at the time of his death he shall have found it unnecessary to dispose of the same, shall provide for its descent to my niece, Margaret Punte, and to my grandnephew, James J. Donovan, Jr."

The niece Margaret Punte and the grandnephew James J. Donovan, Jr., were named equal beneficiaries under the residuary clause of the will.

By order of this court dated February 18, 1948, the plaintiff was appointed trustee for Edward J. Montague,

the husband of the testatrix. Thereafter, the trustee filed this action seeking a determination of the interest transferred to Edward J. Montague under the Seventh Item of the will.

The answer of the defendants Margaret Punte and James J. Donovan, Jr. admits all the factual allegations of the complaint, and admits that a construction of Item Seventh is necessary.

Plaintiff takes the position that Item Seventh vested a fee simple title to the Rodney Street property in Edward J. Montague, while the defendants contend that the real estate is subject to a trust to the extent that it or any portion of the proceeds from its sale may not be necessary to the support and maintenance of Edward J. Montague, and that at his death the property or remaining proceeds should be paid to the niece and grandnephew.

Defendants contend that under the modern rule as set forth in 1 *Restatement of the Law of Trusts*, § 25, and in 1 *Scott on Trusts*, § 25.2, the language of Item Seventh when considered in connection with the surrounding circumstances creates what has been called a precatory trust. Assuming, without deciding, that Delaware follows the modern rule, nevertheless, I think it reasonably clear—even under that rule—that the language here involved when considered in the light of the surrounding circumstances falls far short of indicating an intention to impose a legally recognizable trust obligation on Edward J. Montague.

In the first sentence of Item Seventh the testatrix devised the property to her husband outright. In the following sentence in the same Item the testatrix, in my opinion, merely expressed a desire that her husband should provide for its descent to her named relatives in the event he found it unnecessary to dispose of the property. Under the language employed, the testatrix apparently left the determination of the necessity for disposing of the property within

the subjective discretion of her husband. Moreover, the would-be remaindermen under Item Seventh are also the sole beneficiaries under the residuary clause and no evidence to show circumstances warranting a preferential construction in their favor has been produced.

I conclude that under the Seventh Item of her will the testatrix intended to devise the 1513 North Rodney Street property to Edward J. Montague in fee simple.

An order accordingly will be advised on notice.